IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PNC BANK, NATIONAL ASSOCIATION, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 20 cv 6099 |
| ) | |
| PREDRAG KNEZEVIC, RPM REAL ESTATE ) | |
| INVESTMENT, INC., NORTH SAWYER ) | |
| HOLDINGS, LTD., and P & T REAL ESTATE ) | |
| INVESTMENT GROUP, LLC., ) | |
| ) | |
| Defendants. ) | |

## ANSWER TO COMPLAINT

NOW COME the Defendants, Predrag Knezevic, R P M Real Estate Investment, Inc., North Sawyer Holdings, LTD., and P & T Real Estate Investment Group, LLC., by and through the Law Office of Phillip J. Bartolementi, LTD., and on behalf of all Defendants, and in response to the Complaint filed by Plaintiff, states as follows:

1. Defendants deny that this case arises from a fraud perpetrated by the Defendants and denies that the Defendants engaged in a conspiracy of fraudulent acts as alleged by Plaintiff:

2. Defendants admit on information and belief that Plaintiff is a national banking association with its principal place of business in Pennsylvania and is incorporated in Delaware:

3. Defendant Predrag Knezevic admits that he is a resident of Illinois and resides in the City of Chicago, Illinois:

4. Defendant R P M Real Estate Investment, Inc. (RPM) admits that it is an Illinois Corporation with its principal place of business in Chicago, Illinois, and denies the remainder of this paragraph:

1.

5. Defendant North Sawyer Holdings, LTD., (North Sawyer) admits that it is an Illinois Corporation with its principal place of business in Chicago, Illinois, and denies the remainder of this paragraph:

6. Defendant P and T Real Estate Investment Group, LLC, (P & T) admits that it operated as An Illinois Limited Liability Company that was involuntarily dissolved on November 27, 2019, and denies the remainder of this paragraph:

7. Defendant, Predrag Knezevic admits that he was listed as one of the managers of P & T and is a resident of the City of Chicago, Illinois:

8. Defendant Predrag Knezevic, admits that on the date of the commencement of this lawsuit, that he was listed as President of RPM, North Sawyer and was listed as a Manager of P & T, which was dissolved on November 27, 2019:

9. Defendants admit that at the time of this filing, this Court has jurisdiction over the parties and subject matter of this litigation:

10. Defendants admit that their actions occurred in this District, but deny the allegations as they relate to non-party individuals or entities and demand proof of this allegation:

11. Defendants deny and state that the Illinois Secretary of State has a Hall Transport, Inc., (Hall) listed as an active corporation:

12. Defendants are without knowledge to admit that Jelena Dimic is a resident of Chicago, Illinois, or is President of Hall. The Illinois Secretary of State has Irena Radmanovic listed as President of Hall Transport, Inc:

13. Defendants admit that Drazo Transport, Inc. (Drazo) was incorporated on September 20, 2016 and involuntarily dissolved on February 14, 2020:

14. Defendants admit that Denali, Inc. (Denali) was incorporated on September 17, 2013 and was involuntarily dissolved on February 14, 2020:

15. Defendants admit that Plaintiff PNC is a banking association that provides monetary services, including banking services to individuals, businesses and corporations:

16. Defendants are without knowledge of, and were not a party to an alleged transaction whereby the Plaintiff loaned Hall Transport, Inc., the sum of $50,000.00 on or about July 25, 2018. Therefore, the Defendants deny this allegation and demand proof thereof:

17. Defendants are without knowledge of, and were not a party to an alleged transaction whereby Plaintiff extended a line of credit to Hall Transport, Inc., on or about July 25, 2018 in the amount of $25,000.00. Therefore, the Defendants deny this allegation and demand proof thereof:

18. Defendants were not a party to the loans and have no knowledge as to the terms of the loans between Plaintiff and Hall Transport, Inc., and therefore deny this allegation and demand proof thereof:

19. Defendants were not a party to the loans and have no knowledge as to the terms of the loans between Plaintiff and Hall Transport, Inc., and therefore deny this allegation and demand proof thereof:

20. Defendants have no knowledge of the business practices of Hall Transport, Inc. and demand proof thereof:

3.

21. Defendants admit that on July 28, 2018, Hall issued a check from its PNC account to the order of RPM in the amount of $14,000.00. Defendants admit that on August 6, 2018, Hall issued a check from its PNC account to the order of RPM in the amount of $7,000.00:

22. Defendants have no knowledge as to whether Hall Transport, Inc., and Dimic defaulted under the terms of the Hall loans by failing to make payments, as Defendants were not a party to the transactions between Hall Transport, Inc., Dimic and the Plaintiff:

23. Defendants have no knowledge as to whether Hall Transport, Inc. and Dimic defaulted under the terms of the Hall loans by failing to make payments, as Defendants were not a party to the transactions between Hall Transport, Inc., Dimic and the Plaintiff:

24. Defendants admit that Plaintiff filed a lawsuit on March 20, 2019 against Hall Transport, Inc., and Jelena Dimic:

25. Defendants admit that on May 28, 2019, a judgment was entered in favor of PNC and against Hall in the amount of $81,843.56, plus fees and costs:

26. Defendants are without knowledge and were not a party to the transaction on November 9, 2018, when Drazo executed and delivered to PNC an application requesting a loan for $60,000.00 which Plaintiff claims was approved and funded by wire transfer, and therefore deny and demand proof thereof:

27. Defendants are without knowledge and were not a party to the transaction in paragraph herein, and therefore deny the allegation and demand proof:

28. Defendants are without knowledge as to the business purpose or business engaged in by Drazo:

4.

29. Defendants admit that on November 26, 2018, Drazo issued checks from its PNC account to RPM in the amount of $9,000.00; On November 27, 2018, to North Sawyer in the amount of $9,200.00; On November 27, 2018, to P & T in the amount of $8,000.00:

30. That Defendants were not a party to the transactions between Drazo and the Plaintiff And, therefore have no knowledge at to whether and on what dates Drazo defaulted on their loan with Plaintiff, PNC:

31. Defendants were not a party to any transactions between Denali and PNC for a loan of $75,000.00, and therefore deny this allegation and demand proof thereof:

32. Defendants were not a party to any transaction between Denali and PNC, and therefore deny this allegation and demand proof thereof:

33. Defendants admit that on December 18, 2018, Denali issued a check to RPM in the amount of $10,000.00:

34. Defendants were not a party to the transactions between Denali and PNC, and have no knowledge of when and if Denali defaulted on their loan and therefore deny this allegation and demand proof thereof:

35. Defendants were not a party to the transaction between Denali and PNC and have no knowledge of the amount of the default and related damages claimed by PNC, and therefore deny this allegation and demand proof thereof:

36. Defendant RPM admits that a Citation to Discover Assets was filed by PNC against it in the Hall Lawsuit:

5.

37. Defendant RPM admits that in response to the Citation to Discover Assets, that it tendered a copy of a check in the amount of $7,000.00 dated August 8, 2018, made payable RPM from Dimic:

38. Defendant RPM admits that executed an Affidavit claiming the payment was for reimbursement for payment of medical expenses on behalf of Dimic in Belgrade, Serbia:

39. Defendant Knezevic admits that he appeared for a Citation examination on behalf of RPM, and stated that he is the sole shareholder of RPM and that RPM is in the business of owning and leasing residential real estate and that is the source of RPM's income:

40. Defendant Knezevic admits that he met Dimic on one occasion through a mutual friend and assisted Dimic in getting funds to Serbia:

41. Defendant admits to the testimony as given:

42. Defendant admits to the testimony as given:

COUNT I

FEDERAL CIVIL RICO, 18 U.S.C. 1962 ©

43. Defendants incorporate by reference all of the preceding paragraphs of their Answer to this Complaint as if fully set forth herein:

44. Defendants, Knezevic, RPM, North Sawyer and P & T and any non-party affiliates alleged in this Complaint, deny that they violated RICO, and deny that PNC was injured by any action on the part of the Defendants:

45. Defendants, also referred to in the Complaint as the Knezevic entities, deny that they held any legal or beneficial interest in property within the meaning of 18 U.S.C. 1961 (3) and

demand proof thereof:

46. Defendants deny that they violated 18 U.S.C. 1962 © by any of the acts alleged in the Complaint:

47. Defendants deny that they formed an association-in-fact for the purpose of constituting an enterprise within the meaning of 18 U.S.C. 1961 (4) and deny that they engaged in a pattern of racketeering or a continuing pattern of racketeering:

48. Defendant Knezevic admits that he had control of the Knezevic entities, including assets and receipt of funds:

49. Defendant Knezevic denies the existence of an enterprise and therefore denies that any activities on the part of the Knezevic entities affected interstate commerce and demand proof thereof:

50. Defendants deny that they are "associated" with the borrowing entities, and deny any pattern of racketeering within the meaning of 18 U.S.C. 1961 (2), U.S.C. 1961 (5) and U.S.C. 1962 ©. Further, Defendants deny that they had any specific intent to engage in RICO violations as alleged in the Complaint, and deny that they violated the RICO Statute:

51. Defendants deny that they engaged in racketeering activities pursuant to 18 U.S.C. 1961 (1)(B) and deny that Defendants committed two such acts, deny that they aided or abetted such acts, and demand proof thereof:

52. Defendants deny that they engaged in "racketeering activities" from June 2018 to November, 2018 as alleged and demand proof thereof:

53. Defendants admit that they had legitimate business activities outside of the activity

alleged by the Plaintiff, and deny that they engaged in racketeering activities:

54. Defendant Knezevic admits that he operated and managed his businesses, but denies that he coordinated the commission of multiple acts of racketeering, and demand proof thereof:

55. Defendants were not a party to the transactions between the borrowing entities and the Plaintiff, PNC, and therefore has no knowledge of the terms, representations, agreements or intent with Plaintiff. The Defendants deny that any funds received from the borrowing entities were pursuant to an agreement to defraud, to violate RICO, and deny any specific intent to advance any scheme, as alleged by Plaintiff, and Defendants demand proof thereof:

56. The Defendants were not a party to the transactions between the borrowing entities and Plaintiff, and deny any agreement or participation in any scheme to violate RICO as alleged in Plaintiff's Complaint:

57. The Defendants deny that their objective was to engage in a scheme with the borrowing entities to apply for loans with no intention of repaying the loans, and deny that they conspired to divert funds to the Defendants. The Defendants further deny that they engaged or entered into an agreement with the borrowing entities for such a purpose and demand proof thereof:

58. The Defendants were not a party to the loans between the borrowing entities and Plaintiff and therefore the allegation that the borrowing entities made false representations which were detrimentally relied upon by Plaintiff, have no relevance or application to the Defendants, who did not engage in any agreement with the borrowing entities and did not make false representations to the Plaintiff, and did not violate RICO, as alleged in the Complaint:

8.

59. Defendants deny that Plaintiff is entitled to any relief from the Defendants:

WHEREFORE, the Defendants, and each of them, respectfully ask this Honorable Court to enter Judgment in favor of Predrag Knezevic, RPM Real Estate Investment, Inc., North Sawyer Holdings, LTD., and P & T Real Estate Investment Group, LLC., plus court costs, and any other relief this Court deems reasonable and proper.

## COUNT II

### CONSPIRACY TO VIOLATE FEDERAL CIVIL RICO, 18 U.S.C. 1962 (d)

60. The Defendants and each of them, incorporate by reference all of the preceding paragraphs of their Answer to the Complaint as if fully set forth herein:

61. The Defendants deny that they knowingly, willfully or unlawfully conspired with the borrowing entities to violate 18 U.S.C. 1962 (d), deny the existence of any such enterprise or agreement, and demand proof thereof:

62. Defendant Knezevic admits that he was the principal of the Knezevic entities which consist of the Co-Defendants herein, and admits that he lawfully operated the entities, including assets, but denies any agreement with the borrowing entities and denies that he operated his businesses in an unlawful manner:

63. The Defendants deny that they engaged in a conspiracy at any time as alleged by Plaintiff:

64. The Defendants deny that they engaged in a conspiracy, assert that they were not a party to the loans between the borrowing entities and Plaintiff, and deny any conspiracy whereby the borrowing entities applied for loans, received monies, and diverted those monies to the Defendants:

9.

65. The Defendants deny that they ever mislead the Plaintiff, assert that they had no contact whatsoever with the Plaintiff, and therefore deny misleading PNC as to the purpose of the loan applications, and deny an agreement or participation with the borrowing entities for the purpose of obtaining loans, and demand proof thereof:

66. The Defendants deny that they caused injury to the Plaintiff, PNC and denies that they engaged in any conspiracy in violation of 18 U.S.C. 1962 (d):

67. The Defendants deny that Plaintiff is entitled to relief from the Defendants.

WHEREFORE, the Defendants, Predrag Knezevic, RPM Real Estate Investment, Inc., North Sawyer Holdings, LTD., and P & T Real Estate Investment Group, LLC, ask that this Honorable Court enter Judgment in their favor, plus court costs, and any other relief the Court deems reasonable and proper.

## COUNT III

### CONSPIRACY TO DEFRAUD

68. The Defendants incorporate by reference all of the preceding paragraphs in their Answer as if fully set forth herein:

69. The Defendants deny that they agreed or conspired with the borrowing entities or any other person or entity to defraud the Plaintiff, assert that they were not a party to the subject loans between the borrowing entities and Plaintiff, and therefore did not make any representations to Plaintiff to induce Plaintiff to make loans to the borrowing entities:

70. The Defendant Knezevic, admits that he was the principal of the Co-Defendant companies, and operated the companies, including assets but denies that he was involved in any enterprise:

71. The Defendants deny that they engaged in a conspiracy at any time as alleged by the Plaintiff:

72. The Defendants deny that they engaged in a conspiracy, with the borrowing entities, deny that they acted in concert, deny the existence of an agreement, and therefore deny that they had a common purpose to defraud PNC:

73. The Defendants deny that they engaged in a conspiracy with the borrowing entities and therefore deny that they committed any overt acts in furtherance of the conspiracy, deny that they misrepresented to the Plaintiff, regarding the use of borrowed funds, and state that Defendants were not a party to the transactions between the borrowing entities and PNC:

74. The Defendants deny that any conduct on their part was willful, wanton and malicious:

75. The Defendants deny that they engaged in a conspiracy with the borrowing entities, and therefore deny that they were a direct or proximate cause of Plaintiff's claimed injuries:

76. The Defendants deny that Plaintiff is entitled to relief from the Defendants:

WHEREFORE, the Defendants, Predrag Knezevic, RPM Real Estate Investment, Inc., North Sawyer Holdings, LTD., and P & T Real Estate Investment Group, LLC, ask that this Honorable Court enter Judgment in their favor, plus court costs, and any other relief the Court deems reasonable and proper.

## COUNT IV

### FRAUDULENT TRANSFER-RPM REAL ESTATE INVESTMENT, INC.

77. The Defendant, RPM Real Estate Investment, Inc., incorporates by reference all of the preceding paragraphs in this Complaint as if fully set forth herein:

11.

78. The Defendant RPM Real Estate denies any knowledge that at the time RPM received checks from the borrowing entities, that PNC was a creditor of the borrowing entities:

79. The Defendant, on information and belief state that the borrowing entities intentionally transferred funds to RPM, and denies any unlawful inference therefrom:

80. The Defendant denies that the transfers were done without consideration and demand proof thereof:

81. The Defendant is without knowledge as to whether the borrowing entities were without assets sufficient to pay PNC at some point in time, as Defendant was not a party to any agreement or transactions between borrowing entities and PNC:

82. The Defendant is without knowledge as to when and if the borrowing entities defaulted on their loans with PNC, as the Defendant was not a party to the transactions between the borrowing entities and PNC:

WHEREFORE, the Defendant, RPM Real Estate Investment, Inc., ask this Honorable Court enter Judgment in its favor, plus court costs, and any other relief the Court deems reasonable and proper.

## COUNT V

### FRAUDULENT TRANSFER-NORTH SAWYER HOLDINGS, LTD.

83. The Defendant, North Sawyer Holdings, LTD., incorporates by reference all of the preceding paragraphs in this Answer as if fully set forth herein:

84. The Defendant is without knowledge as to whether at the time Defendant received a check from Drazo, that Drazo was a creditor of PNC as Defendant was not a party to any

transactions between Drazo and PNC:

85. The Defendant is without knowledge as to the intent of Drazo to issue a check to Defendant, as that intent relates to PNC, as Defendant was not a party to any transactions between Drazo and PNC and therefore denies this allegation and demands proof thereof:

86. The Defendant admits, on information and belief, that Drazo intentionally transferred funds, and denies any unlawful inference therefrom:

87. The Defendant denies the transfer was without consideration and demands proof thereof:

88. The Defendant is without knowledge as to whether at the time of the transfer of funds, that Drazo did not have assets sufficient to pay PNC, as Defendant was not a party to any transaction between Drazo and PNC:

89. The Defendant is without knowledge as to when or if Drazo defaulted on its loan with PNC, as Defendant was not a party to any transactions between Drazo and PNC:

WHEREFORE, the Defendant, North Sawyer Holdings, LTD., ask this Honorable Court enter Judgment in its favor, plus court costs, and any other relief the Court deems reasonable and proper.

COUNT VI

FRAUDULENT TRANSFER-P & T REAL ESTATE INVESTMENT, INC.

90. The Defendant, P & T Real Estate Investment, Inc., incorporates by reference all of the preceding paragraphs in this Answer as if fully set forth herein:

91. The Defendant is without knowledge whether if at the time P & T received a check from

13.

Drazo, that Drazo was a creditor of PNC., as Defendant was not a party to any transactions between Drazo and PNC:

92. The Defendant is without knowledge as to the intent of Drazo to issue a check to Defendant, as that intent relates to PNC, as Defendant was not a party to any transactions between Drazo and PNC and therefore denies this allegation and demands proof thereof:

93. The Defendant admits, on information and belief, that Drazo intentionally transferred funds, and denies any unlawful inference therefrom:

94. The Defendant denies the transfer was without consideration and demands proof thereof:

95. The Defendant is without knowledge as to whether at the time of the transfer of funds, that Drazo did not have assets sufficient to pay PNC, as Defendant was not a party to any transaction between Drazo and PNC:

96. The Defendant is without knowledge as to when or if Drazo defaulted on its loan with PNC, as Defendant was not a party to any transactions between Drazo and PNC:

WHEREFORE, the Defendant, P & T Real Estate Investment, Inc., ask this Honorable Court enter Judgment in its favor, plus court costs, and any other relief the Court deems reasonable and proper.

## COUNT VII

### AIDING AND ABETTING FRAUDULENT TRANSFER-PREDRAG KNEZEVIC

97. The Defendant, Predrag Knezevic, incorporates by reference all of the preceding paragraphs in this Answer as if fully set forth herein:

14.

98. The Defendant admits that he was President of the Co-Defendant entities:

99. The Defendant admits that he was aware of the transfers from the borrowing entities to the Knezevic entities:

100. The Defendant admits only to his sworn testimony that RPM was not in the transportation business and denies the remainder of this allegation and demands proof thereof:

101. The Defendant denies that the transfers from the borrowing entities to Knezevic entities were made without consideration:

102. The Defendant denies that the transfers were the cause, in whole or in part, of the reason for the borrowing entities default of their loans with PNC:

103. The Defendant denies that he participated in any fraud, and therefore denies knowledge of such, denies that any such transfers were fraudulent, and therefore denies that he assisted with fraudulent transfers from the borrowing entities:

WHEREFORE, the Defendant, Predrag Knezevic, asks this Honorable Court enter Judgment in its favor, plus court costs, and any other relief the Court deems reasonable and proper.

/s/Phillip J. Bartolementi
Phillip J. Bartolementi, LTD.
Attorneys for Defendants
53 West Jackson Blvd.
Suite 1401
Chicago, IL. 60604
(312) 360-9999
pjblegal@hotmail.com
A.R.D.C. No. 06187230