IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PNC BANK, NATIONAL ASSOCIATION, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
|     v. ) | Case No. 20 C 6099 |
| ) | |
| PREDRAG KNEZEVIC; RPM REAL ) | Judge Joan H. Lefkow |
| ESTATE INVESTMENT, INC.; NORTH ) | |
| SAWYER HOLDINGS, LTD.; and P AND T ) | |
| REAL ESTATE INVESTMENT GROUP, ) | |
| LLC ) | |
| ) | |
|     Defendants. ) | |

**OPINION AND ORDER**

PNC Bank, National Association moved for sanctions against defendants Predrag Knezevic, RPM Real Estate Investment, Inc., North Sawyer Holdings, Ltd., and P and T Real Estate Investment Group, LLC under Federal Rule of Civil Procedure 37(c). (Dkt. 66.) For the following reasons, the motion is granted in part and denied in part.

**BACKGROUND**

In 2018, PNC issued loans and lines of credit to numerous Chicago-area trucking companies. The trucking companies defaulted on those loans almost immediately. PNC then filed this lawsuit against the defendants, Predrag Knezevic and various entities he controls, alleging that they conspired with the trucking companies to unlawfully obtain funds from PNC. *See* 18 U.S.C. § 1962(c) and (d).

Discovery in this case has not gone smoothly. PNC issued interrogatories and requests for production around January 21, 2020; the defendants responded late, on March 24, and the responses were incomplete. Among other deficiencies, the defendants refused to provide

information pertaining to money transfers between the defendants and the trucking companies that obtained loans from PNC.

In April, the parties conferred and resolved some of the deficient responses. But the defendants still did not answer certain interrogatories, including interrogatory number 22, which reads: "Identify all transfers between You and any entity in which you hold an ownership interest and any company, whose business activity includes trucking, in any amount over $1,500.00 . . . [.]" (Dkt. 66-1, Ex. 1, ¶ 22.) The interrogatory also requested details about when the transactions occurred and in what amounts. The defendants objected to the interrogatory as unduly burdensome and refused to respond. PNC then filed a motion to compel under Rule 37(a). The magistrate judge overseeing discovery granted the motion and ordered the defendants to provide a complete response to interrogatory number 22 by May 31.

During this conflict, PNC also served its requests to admit. The defendants' responses were timely but largely consisted of objections. After the parties conferred, the defendants agreed to provide amended responses by June 1, which the defendants did. The amendments, however, still lacked the requested information regarding the defendants' transactions with the trucking companies. After again conferring with PNC's counsel, the defendants agreed to provide additional amendments by July 2. July 2 came and went, and the defendants did not provide any of the information promised. PNC filed another motion to compel.

On July 12, the defendants served their additional amendments to the outstanding discovery requests. Then, on July 21, more than two months after being served with them, defendants provided their responses to PNC's second set of interrogatories and second set of requests for production. Between their additional amendments and their responses to the second set of interrogatories and production requests, the defendants purported to provide complete

answers to PNC's questions regarding their transactions with trucking companies. PNC discovered, however, that the defendants had only identified the transfers that PNC had previously disclosed to them. And despite providing this list of transfers, the defendants responded to a request for production of communications regarding these transfers by stating that they "are not in possession of any documents from any trucking companies," (dkt. 66-1, Ex. 14, ¶ 4), which was not responsive to the request.

Meanwhile, PNC issued several third-party subpoenas. These included subpoenas to local banks at which the defendants had accounts. Through these third-party requests, PNC learned of numerous transactions between the defendants and the trucking companies, none of which the defendants disclosed in their discovery responses.

On September 8, a few days before discovery closed, PNC filed this Rule 37(c) motion for sanctions.

## **LEGAL STANDARD**

Rule 37(c) permits the imposition of sanctions on a party who fails to comply with Rule 26(a) or (e) unless that failure was "substantially justified" or "harmless." Fed. R. Civ. P. 37(c). Rule 26(e)(1) requires a party to supplement or correct a discovery response if it learns that the response is incomplete or incorrect, or as ordered by the court. An incomplete or evasive discovery response is treated as a sanctionable failure to respond. *See* Fed. R. Civ. P. 37(a)(4); *Dotson* v. *Bravo*, 321 F.3d 663, 667 (7th Cir. 2003). The district court has discretion to decide which, if any, sanction is warranted under the circumstances. *See Patrick* v. *City of Chicago*, 974 F.3d 824, 831 (7th Cir. 2020).

To determine whether a discovery failure is substantially justified or harmless, the court considers the following: (1) the prejudice to the party against whom the improperly undisclosed

3

evidence is or would be offered; (2) the ability of the violating party to cure the prejudice; (3) the likelihood of disruption of the proceedings; (4) and the bad faith or willfulness involved in not disclosing the evidence earlier. *Uncommon, LLC* v. *Spigen, Inc.*, 926 F.3d 409, 417 (7th Cir. 2019).

## ANALYSIS

The defendants' conduct merits sanctions. Consideration of the relevant factors shows that the defendants' failures to comply with discovery were neither substantially justified nor harmless.

First, PNC is prejudiced by the defendants' failure to answer discovery requests that go to the heart of their claims. Despite multiple chances to comply, the defendants provided several rounds of incomplete discovery responses, omitting essential information pertaining to their transactions with trucking companies that borrowed from PNC.

Second, the defendants can cure the prejudice to some extent by properly answering the discovery requests and disclosing all their transactions with the trucking companies. Third, the proceedings have been disrupted by the defendants' repeated delays and noncompliance. Moreover, continued noncompliance will only be more disruptive because the extent of the defendants' connections to the trucking companies remains unknown, making it unclear how either party will prove its case.

Under the fourth factor, it is not certain that the defendants' failure to properly respond to PNC's discovery requests was in bad faith or willful. The defendants' response to PNC's motion suggests that confusion (or poor reading comprehension) may have been the cause, rather than an intent to deceive. The defendants also note their previous cooperation and conferrals with PNC's counsel. Yet they still failed to make the disclosures ordered by the magistrate judge concerning

the transactions between the defendants and the trucking companies, necessitating more confderrals and motions to compel, ultimately resulting in this motion. Overall, the defendants' repeatedly inadequate discovery responses were negligent at best, which suffices to impose sanctions. *See E360 Insight, Inc.* v. *Spamhaus Project*, 658 F.3d 637, 642 (7th Cir. 2011).

On balance, these factors—particularly the prejudice to PNC, the disruption of the proceedings, and the defendants' mental state—indicate that the defendants' failures to comply with Rules 26 and 37 were unjustified and harmful, warranting sanctions. The question becomes which sanction is appropriate.

PNC primarily argues for default judgment against the defendants, the harshest of sanctions. *See* Fed. R. Civ. P. 37(b)(2)(A)(vi). A court may impose this sanction after finding—by the preponderance of the evidence—that the defendant's noncompliance was in bad faith, willful, or with fault. *See Ramirez* v. *T&H Lemont, Inc.*, 845 F.3d 772, 776 (7th Cir. 2016). Typically, this requires a finding that a party engaged in a significant "pattern of delay or contumacious conduct." *Ebmeyer* v. *Brock*, 11 F.4th 537, 546–47 (7th Cir. 2011). Default is proper where the litigant engages in extreme misconduct by not only failing to comply with discovery, but also failing to appear for hearings, confer with opposing counsel, or generally participate in the litigation, *see, e.g.*, *U.S.* v. *Norwood*, 812 F. App'x 365, 370 (7th Cir. 2020), or knowingly offers false evidence, *see, e.g.*, *Secrease* v. *Western & Southern Life Ins. Co.*, 800 F.3d 397, 401 (7th Cir. 2015). Although not always required, courts should provide litigants "an explicit warning" before imposing a default judgment. *Brown* v. *Columbia Sussex Corp.*, 664 F.3d 182, 192 (7th Cir. 2011).

Default is not appropriate here. The defendants made some efforts to comply with discovery. Although the defendants assert that their failures resulted from misunderstandings,

that claim is not entirely believable because many of their purported misinterpretations of PNC's discovery requests strain credulity.[1] Nevertheless, it is not clear from the record that the defendants have been warned of the possibility of default. This order now serves as that warning.

Alternatively, PNC seeks an evidentiary sanction in the form of an adverse inference against the defendants that all the information not disclosed in their responses contained evidence of the furtherance of an unlawful scheme to defraud PNC. *See* Fed. R. Civ. P. 37(b)(2)(A)(i). Here, no summary judgment motion deadlines or date for trial are set. Therefore, this sanction is currently premature, but not ruled out if there is further noncompliance. Instead, a monetary sanction is more appropriate. *See* Fed. R. Civ. P. 37(c)(1)(A); *Dura Auto. Sys. of Ind., Inc.* v. *CTS Corp.*, 285 F.3d 609, 615–16 (7th Cir. 2002). PNC has incurred legal fees and related expenses resulting from the defendants' misconduct, including filing multiple motions to compel, subpoenaing third parties to obtain the information that the defendants were supposed to produce, and filing this motion. These expenditures warrant an award of reasonable attorney's fees and expenses. *See Goodyear Tire & Rubber Co.* v. *Haeger*, 137 S. Ct. 1178, 1186 n.5 (2017).

### **CONCLUSION AND ORDER**

PNC's motion for sanctions is granted in part and denied in part without prejudice. The parties are ordered to meet and confer within seven days of this order to determine the time needed for the defendants to provide the complete and accurate responses to PNC's discovery

---

[1] For example, the defendants argue that they did not identify certain transfers because they were not made to or from PNC accounts. (Dkt. 75 at 6.) But this is not what PNC asked. Likewise, the defendants attempt to justify their response to a request for documents or communications between themselves and trucking companies by stating that "the plain meaning of the question suggests whether Defendant has any contracts, transport business documents, or documents that would be generated if Defendants were in the transport business, which they are not." (Dkt. 75 at 5.) Again, this is not what PNC asked. The actual request seeks "documents and communications" between the defendants and trucking companies that obtained PNC loans and then channeled funds to the defendants; it says nothing about contracts or "transport business documents," whatever those may be.

requests. PNC is given until 1/7/2022 to submit a fee petition to the court with documentation of attorney time, hourly rate, and expenses. The parties involved shall confer and attempt in good faith to agree on the amount of the fees and expenses that should be awarded prior to submission of the petition.

Date: November 23, 2021                                       _____
                                                              U.S. District Judge Joan H. Lefkow