IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PNC BANK, NATIONAL ASSOCIATION, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 20 cv 6099 |
| ) | |
| PREDRAG KNEZEVIC, RPM REAL ESTATE ) | |
| INVESTMENT, INC., NORTH SAWYER ) | |
| HOLDINGS, LTD., and P & T REAL ESTATE ) | |
| INVESTMENT GROUP, LLC., ) | |
| Defendants. ) | |

## DEFENDANTS' RESPONSE TO PETITION FOR ATTORNEY'S FEES

NOW COME the Defendants, Predrag Knezevic, R P M Real Estate Investment, Inc., North Sawyer Holdings, LTD., and P & T Real Estate Investment Group, LLC., and each of them, by and through the Law Office of Phillip J. Bartolementi, LTD., and for their collective response to Plaintiff's Petition for Attorney's Fees, states as follows:

## INTRODUCTION

Plaintiff has filed a Petition for Attorney's Fees that is seeking fees for time and issues that far exceed the isolated issue that was the scope of Plaintiff's motion. The Plaintiff is seeking compensation for a period of time from March 24, 2021, to November 2, 2021. (Exhibit 1, fee statement. This represents virtually the entire discovery period in the case and encompasses virtually all the written discovery that was done in the case. The Plaintiff's Motion to Compel that is the subject of this petition, wasn't filed until July 6, 2021. It concerns one issue, the production of checks to or from trucking companies. All the other discovery issues were settled via phone

1.

conferences, emails or correspondence by the parties' respective counsels. The Defendants exercised their right to raise objections to discovery requests of Plaintiff that were deemed to have no relevance, or were extremely broad in scope. At no time was the conduct of Defendant evasive and at no time were any discovery issues simply ignored. Defendants' counsel participated in good faith to resolve all of the issues that were the subject of objections. The Plaintiff also raised objections to most of the Defendants' discovery requests, and through further exchanges with Plaintiff's Counsel, the parties were able to resolve many of these issues.

The Plaintiff's petition for fees is excessive and seeks compensation for the entire discovery process, including the routine discovery issues and objections raised in most cases.

## PROCEDURAL HISTORY OF THE CASE

The Plaintiff's original Complaint, filed on October 13, 2020, alleged that the Defendant, Predrag Knezevic and his companies, who are Co-Defendants, engaged in a scheme to defraud PNC Bank. The Complaint alleged that as part of a Civil RICO (18 U.S.C. (d)€, 3 borrowers/customers of PNC defaulted on loans. The loans were unsecured and the applicants were largely unverified by PNC. PNC gave the loans to the borrowers with little more than a signature. The loans ranged from 25,000.00 to $75,000.00. Although Plaintiff alleges that there were checks written by these borrowers to the Defendants for a fraction of the amount borrowed, Plaintiff is seeking to hold the Defendants liable for the entirety of the loans. Plaintiff has not addressed where or to whom a majority of the loan proceeds were disbursed by the borrowers that they seek to hold Defendants accountable for.

2.

There were 3 entities named in Plaintiff's Complaint. The Defendants conducted personal business with the principals of these 3 entities, (as opposed to the companies they owned) and is alleged by Plaintiff to have received a small fraction of the borrowed funds as a result of his business with the principals of the borrowing entities. There is no evidence that Defendant knew the origin of the funds paid by the borrowers, and no borrowers have been deposed or otherwise provided evidence that they conspired with Defendant, Predrag Knezevic.

The parties commenced issuing and answering discovery in January, 2021. After Defendants' filed their Answers to Discovery, Counsel for Plaintiff and Defendants conferred in good faith in Mid-April, 2021, by letter and by telephone with respect to discovery issues raised by Plaintiff. (Exhibit 2) While most issued were resolved, a remaining issue concerned an interrogatory, which is the subject of Plaintiff's Petition for Fees. Plaintiff's Interrogatory number 22 read as follows:

> "Identify all transfers between You and any entity which You hold an ownership Interest and any company, whose business activity includes trucking, in any amount over $1,500.00 and include: (a) the date, (b) the amount, (c) the form, (d) the transferee, and € the purpose of the funds."

The interrogatory did not have any foundation basis as to time periods and was broadly written. In response to this Interrogatory, on March 18, 2021, the Defendants responded:

> "Answer: Objection, this interrogatory is overly broad in scope as to time and is unduly burdensome." (Exhibit 3).

This was a meritorious objection given the manner in which this interrogatory was written. On April 12, 2021, counsel for Plaintiff sent a letter regarding this interrogatory and 2 others that were the subject of valid objections. In that letter, counsel for Plaintiff, apparently agreeing

3.

with Defendants' counsel's objection, agreed to limit the interrogatory in terms of a time frame, to January 1, 2018 to date. (Exhibit 2).

On May 17, 2021, the Defendant sent a letter to Plaintiff's counsel addressing the two other interrogatories that were the subject of his April 12th letter. In Defendant's letter, he addressed the Plaintiff's interrogatories, 20 and 21 that concerned an individual named Dragoljub Giljen. Counsel was informed that Defendant had performed home remodeling for Giljen, and there was no other business connection between the two, as counsel later confirmed when he deposed Giljen. Defendant objected because this had no causal connection to PNC or the matters contained in the Plaintiff's Complaint. (Exhibit 4). During phone conferences with Plaintiff's Counsel, Defendant informed counsel that we had reached an impasse as to additional discovery answers and would need a ruling from the Court. The issue regarding Mr. Giljen provides a basis and example for the Defendant's objections. This transaction was not trucking related. It was a remodeling job Defendant performed for Giljen. It has no causal connection to PNC. This was confirmed by Mr. Giljen.

Plaintiff filed a Motion to Compel on May 7, 2021, which was heard on May 17, 2021 by Judge Cox. In that ruling, the Defendant was ordered to supplement their responses to Interrogatories 22 and 23. Defendant filed Amended Answers to Interrogatories 22 and 23. Thereafter, on June 1, 2021, Counsels of record again discussed discovery responses, not having to do with any issue raised in the motion, but with respect to Plaintiff's Request to Admit. Defendant agreed to amend their answers and did so. No court intervention was required to address this issue, yet it appears to be part of Plaintiff's claim for fees. At least it doesn't appear

4.

to be distinguished in his fee statement. Defendant believes it is included in the 16 "reviews" listed in Counsel's time sheet, or in the 26 "revisions" that appear on his claim for fees for what amounts to one interrogatory that was in dispute. Rule 37 (a)(5) mandates that only reasonable expenses be awarded. The movant's fees must be demonstrably incurred, they must be reasonable and must be the product of the failure to comply with discovery requests. Maxwell v. South Bend Work Release 2010 WL4318800 *4 (N.D. Ind. Oct. 25, 2010). Here it is unclear what fees are attributable to the interrogatory that is the subject of Plaintiff's Motion to Compel. The movant bears the burden of establishing and documenting its fees to the satisfaction of the Court. Romary Assoc. Inc. v. Kibbi LLC. 2011 WL 4948834 *2 (N.D. Ind. Oct. 18, 2011).

Plaintiff filed two sets of discovery in this case. The second set was not meant to supplement their requests in the first set of interrogatories. Rather, the parties conducted discovery twice and Defendant was deposed over two days. Most all of the discovery disputes or what is deemed to be deficiencies, were cured after the parties conferred by phone, electronically and correspondence. Defendants asks the Court to consider that extensive discovery was conducted, objections to discovery were made by both parties, and the Defendants attempted to sincerely answer the discovery as best they could. There was no willful ignorance on the part of Defendants. The Defendant asks that the Court limit any award of fees to the time related to the issue of Interrogatory number 22 involving transfers, as this issue was the subject of the motion to compel. For further consideration, the Plaintiff subpoenaed the bank records of the Defendants before discovery even commenced. (Exhibit 5).

This was not something Plaintiff was forced to do in response to the Defendants' discovery responses to this interrogatory. In summary, the Defendants ask that the Plaintiff submit an amended statement for fees consistent with the issue raised in Plaintiff's motion, or ask this Honorable Court to award reduced fees commensurate with the issue surrounding interrogatory number 22. The Defendant asks that any award of fees be paid at the time of judgment in this case. Alternatively, that the Defendant be granted 60 days for payment.

The Defendants would ask the Court for the opportunity to appear remotely to address the Court on any issues raised in this motion.

                                          Respectfully Submitted,

                                          s/s  Phillip J. Bartolementi
                                          Phillip J. Bartolementi, LTD.
                                          Attorneys for Defendants
                                          53 West Jackson Blvd.
                                          Suite 1401
                                          Chicago, IL. 60604
                                          (312) 360-9999
                                          A.R.D.C. No. 06187230
                                          pjblegal@hotmail.com