IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PNC BANK, NATIONAL ASSOCIATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 20 cv 6099 |
| | ) |
| PREDRAG KNEZEVIC, RPM REAL ESTATE | ) |
| INVESTMENT, INC., NORTH SAWYER | ) |
| HOLDINGS, LTD., and P & T REAL ESTATE | ) |
| INVESTMENT GROUP, LLC., | ) |
| Defendants. | ) |

### DEFENDANTS' 56.1 (b) STATEMENT OF MATERIAL FACTS

NOW COME the Defendants, Predrag Knezevic, R P M Real Estate Investment, Inc., North Sawyer Holdings, LTD., and P & T Real Estate Investment Group, LLC., and each of them, by and through the Law Office of Phillip J. Bartolementi, LTD., and pursuant to Local Rule 56 (a)(2), states as follows:

1. The Plaintiff, PNC Bank, did not rely on any representations, information or participation by the Defendant, Predrag Knezevic, or any of the Knezevic Companies, in making the loans and lines of credit cited in Plaintiff's Complaint. ( Exhibit 1, Deposition of Matthew Stanio, page 9, line 3-6) (Exhibit 4, Heishman Deposition pages 36, line 22 to page 38, line 12) (Exhibit 5, Affidavit of Plaintiff Knezevic, lines 5, 6, 7).

2. The loans and lines of credit made by PNC to the borrowing entities named in the Complaint were approved with little or no verification of the information provided by the applicants. (Exhibit 2, Deposition of Jill Feiber, pages 20-22; page 25 lines 7-17; page 26, lines 8-16) (Exhibit 4, Heishman Deposition, page 23, line 15 to page 24, line 16)

3. Plaintiff has not produced any physical evidence that Defendant Predrag Knezevic or any of his companies referred, directed, instructed applicants to apply for loans at PNC Bank. (Deposition of Jill Feiber, page 37, lines 12-23;) )Exhibit 4, page 36, line 22 to page 37, line 13)

4. All the disbursements made by PNC Bank to the borrowers identified in the Plaintiff's Complaint were made directly into the accounts of the borrowers and no disbursements were made by PNC Bank to the Defendant, Predrag Knezevic or his companies. (Exhibit 3, Second Amended Complaint, paragraphs 44, 53, 64, 65, 73, 76, 81, 95)

5. Once the loan proceeds were disbursed to the borrowing entities, they had control of the money and could disburse the proceeds as they wish, without verification from PNC Bank. (Exhibit 4, Heishman Deposition, page 43, line 6 to page 44, line 13)

6. Plaintiff has not identified in its Complaint, or provided physical evidence of payments from IM Truck, LLC., to the Defendant, Predrag Knezevic or any of his companies that would support the allegations in the Complaint directed to IM Truck, LLC. (Exhibit 3, Second Amended Complaint, paragraphs 87-93)

7. When the checks from I Truck Logistics were issued to Defendant, on March 24, 2018, July 14, 2018 and September 24, 2018, I Truck Logistics and its Principal Marko Nikolic, had not yet applied for a loan from PNC Bank. The PNC Bank loan for $75,000.00 to I Truck Logistics was made months after (12-20-18), and therefore the checks paid to Defendant were not paid with the proceeds of the PNC Loan. (Exhibit 3, Second Amended Complaint, paragraphs 94-102)

8. The Plaintiff has not produced any documentary evidence or testimony outside the allegations made in the Complaint that Defendant Knezevic "participated in the management of the Enterprise by coordinating the commission of multiple acts of racketeering." (Exhibit 3, Second Amended Complaint, paragraph 123)

9. Other than the checks to Defendants identified in Plaintiff's Complaint, the borrowing entities have not produced any testimony, documents or other physical evidence of an agreement between the borrowing entities and Defendants, or that Defendant Knezevic "coordinated" the borrowing entities. (Exhibit 3, Second Amended Complaint, paragraph 123)

10. The particular reason or reasons that the borrowing entities failed to make payments and ultimately defaulted is unknown to the parties. (Exhibit 3, Second Amended Complaint, paragraphs 48, 59, 75, 79, 85, 90, 98)

11. Troy Heishman, a Vice President at PNC Bank, was the Originator of the Loans to Hall Transport, Drazo Transport and Denali, Inc. (Exhibit 4, Heishman Deposition, page 15, lines 1-14)

12. The only evidence in the record regarding how the borrowing entities were referred or directed to PNC for loans originated from a "Broker" named "Daniel" and thereafter the referrals for the loans that are the subject of this case came from other transportation companies. (Exhibit 4, Heishman Deposition, pages 10, lines 22-24, page 11, lines 1-4, page 31, lines 1-19).

/s/ Phillip J. Bartolementi
Phillip J. Bartolementi, LTD.
Attorneys for Defendants Knezevic, RPM Real Estate Investment Inc., North Sawyer Holdings LTD., and P & T Real Estate Investment Group
53 West Jackson Blvd.
Suite 1401
Chicago, IL. 60604
(312) 360-9999
A.R.D.C. No. 06187230
pjblegal@hotmail.com

3.