IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PNC BANK, NATIONAL ASSOCIATION, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>PREDRAG KNEZEVIC, RPM REAL ESTATE )<br>INVESTMENT, INC., NORTH SAWYER )<br>HOLDINGS, LTD., and P & T REAL ESTATE )<br>INVESTMENT GROUP, LLC., )<br>Defendants. ) | No. 20 cv 6099 |

### DEFENDANTS' 56.1 (b) STATEMENT OF MATERIAL FACTS

NOW COME the Defendants, Predrag Knezevic, R P M Real Estate Investment, Inc., North Sawyer Holdings, LTD., and P & T Real Estate Investment Group, LLC., and each of them, by and through the Law Office of Phillip J. Bartolementi, LTD., and pursuant to Fed. Rule 56.1 and Local Rule 56 (a)(2), states as follows:

1. Plaintiff has pending before the Court a Second Amended Complaint consisting of Seven Counts. In Counts 1 and 2, Plaintiff alleges against all named Defendants, violations of Federal Civil RICO (18 U.S.C. 1962 © and Conspiracy to Violate Federal Civil RICO (18 U.S.C. 1962 (d). Count 3 is a State Claim for Conspiracy to Defraud, brought against all Defendant. Counts 4, 5, 6 are State Claims brought as One Count against each of the Defendant companies for Fraudulent Transfer. Count 7 is a State Claim for Aiding and Abetting Fraudulent Transfer brought against Defendant Knezevic individually. (EXIBHIT 1, Dkt. 112).

2. The Complaint alleges that Plaintiff PNC (PNC) made business loans, lines of credit and credit cards to non-party trucking business borrowers from April 2018 to December, 2018. (EXHIBIT1, para. 40, 51, 53, 70, 76, 81, and 95. Dkt. 112).     1.

3. The Complaint alleges that a $75,000.00 PNC made to I Truck Logistics was on December 20, 2018, and states that Defendants received 3 checks from I Truck Logistics, dated March 24, 2018, July 14, 2018 and September 24, 2018. (EXHIBIT 1, para. 95 & 102, Dkt. 112).

4. Defendant, Predrag Knezevic is a business owner who owns the Defendant Companies named in this case. (EXHIBIT 2, para. 1, 2).

5. Knezevic and his companies are in the business of buying and selling real estate, including renovation. The units are then rented out to tenants, which may number from 30 to 50 units at any time, including multiple properties. He hires workers in the trades as needed. (EXHIBIT 2, para. 2).

6. Knezevic is well known in the Serbian Community, has a reputable and trustworthy standing, and attends and participates in social functions and events in the Community.

7. Knezevic's involvement in the Community has allowed him the opportunity to meet several people, some of whom he has done business with. (EXHIBIT 2, para. 4).

8. Knezevic has made short term loans to members of the Community, and does not assist anyone with obtaining loans, including co-signing or referrals. (EXHIBIT 2, para 5, 6).

9. At all times relevant to the events in the Complaint, Knezevic did not refer any individuals or businesses to PNC for any loans or lines of credit. (EXHIBIT 2, para. 9).

10. Knezevic did not make any representations to PNC to induce PNC to make any loans or lines of credit to the individuals or companies named in the Complaint. (EXHIBIT 2, para. 10).

11. Troy Heishman was the Vice President of PNC for business banking and handled the loans for Denali, Inc., Hall Transport, Drazo Transport and NKM Logistics. (EXHIBIT 3, pg. 11, 15).

12. The first contact regarding the borrowing entities came from an individual named "Daniel" who was a loan broker and with whom Heishman met with in person to discuss various banking programs. (EXHIBIT 3, pg. 31).

13. "Daniel" then referred the first company to PNC, and could not recall the name of the company other than it started with a "D." After that, the other companies were referrals from each other. (EXHIBIT 3, pg. 11, 31).

14. "Daniel" was referred to Heishman by another PNC Vice President, Matt Stanio. (EXHIBIT 3, pg. 33).

15. Stanio did not recall the referral but said it was "plausible." (EXHIBIT 4, pg. 6).

16. Stanio was a Vice President of Commercial Banking but did not handle loans for under $100,000.00 and referred "Daniel" to Heishman. (EXHIBIT 4, pg. 5, 6, 7).

17. Heishman has never met Defendant Knezevic, nor has he seen any documents or spoken to anyone indicating that Knezevic participated in the loans to the borrowing entities. (EXHIBIT 3, pgs. 36-37).

18. Jill Felber worked as an Underwriter for PNC and was involved in at least one of the loans to the borrowing entities. (EXHIBIT 5, pg. 11).

19. Felber has never heard of Defendant Knezevic or his companies and has not seen any documents or spoken to anyone indicating that Knezevic participated, referred or directed any borrower to PNC. (EXHIBIT 5, pgs. 9, 11, 37).

20. The loans made to the borrowing entities were made with little or no verification of the borrowers, no tax returns were required, the statements of the borrowers were accepted

as true, and the loans were essentially signature loans. (EXHIBIT 3, pg. 36, and EXHIBIT 5, pg. 20, 21).

21. When the loan proceeds are disbursed to the borrowing entities, the principals of those entities can use the funds for any purpose they wish, including non-business personal disbursements because PNC does not verify whether the funds were used for working capital or to purchase equipment. (EXHIBIT 3, pgs. 43-44).

22. On July 25, 2018, Hall Transport, through its principal, Jelena Dimic, obtained a loan from PNC in the amount of $50,000.00 and a line of Credit for $25,000.00. (EXHIBIT 1, para. 51, 53).

23. On July 28, 2018, Hall issued a check to RPM in the amount of $14,000.00 and on August 6, 2018, a check to RPM in the amount of $7,000.00. (EXHIBIT 1, para 58).

24. The payment to RPM represented repayment of a loan Knezevic made to Dimic that Dimic used to pay medical expenses. Knezevic did not know that Dimic had an account at PNC and was unaware of the source of funds used to reimburse Knezevic. (EXHIBIT 2, para. 17).

25. On July 17, 2018 and continuing to August 23, 2018, Knezevic and his Companies, RPM and North Sawyer Holdings received 14 checks from Bluestar Freight. (EXHIBIT 1, para. 69).

26. Bluestar Freight did not apply for or receive loans from PNC and the Complaint does not allege that Bluestar is indebted to PNC for any monies paid to Knezevic or his companies. (EXHIBIT 1, para. 69).

27. Bluestar Freight is owned by Mladen Pejanovic, a cousin of Knezevic. (EXHIBIT 2, para. 20).

28. During the period from July 17, 2018 to August 23, 2018, Knezevic was out of the Country visiting family in Montenegro. Checks received from Bluestar were loans made by Pejanovic and deposited in accounts for Knezevic and his companies, and Pejanovic paid Knezevic workers and managed his businesses while Knezevic was away. (EXHIBIT 2, para. 21).

29. Knezevic companies received 3 checks from Drazo Transport, Inc. on November 26, 2018, November 27, 2018 and November 29, 2018. (EXHIBIT 1, para. 73).

30. The checks paid to Knezevic's companies represented repayment of a loan made to Drazo. Knezevic directed the manner of repayment into his companies, which he used for business operation. Knezevic was not aware of Drazo's source of funds or his financial condition. (EXHIBIT 2, para. 23).

31. Mon-Ex received a loan and line of credit from PNC on May 14, 2019 in the amount of $75,000.00 ($50,000.00 loan and $25,000.00 line of credit. (EXHIBIT 1, para. 81).

32. On June 20, 2019, a Knezevic company (North Sawyer) received a check in the amount of $10,000.00. The payment was a repayment for a loan made to Milodane Pusonja. Knezevic was not a party to any business or loan taken by Pusonja, and was not aware of his source of funds or financial condition. (EXHIBIT 2, para. 25).

33. IM Truck obtained a loan for PNC in the amount of $75,000.00 on June 27, 2018. (EXHIBIT 1, para. 87-89).

34. The Plaintiff's Complaint alleges on "information and belief" that Defendant received money from IM Truck or Defendant controlled IM Truck. (EXHIBIT 1, para 92-93).

35. Knezevic is without knowledge and does not know its principal, Milos Vuckovic, his company, or his business dealings. (EXHIBIT 2, para. 34).

36. On December 20, 2018, I Truck Logistics received a loan from PNC in the amount of $75,000.00. (EXHIBIT 1, para. 94-95).

37. Three checks were issued by I Truck Logistics to Knezevic and his entities in the amount of $8,000.00 on March 24, 2018, $18,200.00 on July 14, 2018 and $8,000.00 on September 24, 2018. (EXHIBIT 1, para. 102).

38. The checks represented repayment of a loan made by Knezevic to I Truck principal Marko Nikolic for the purchase of equipment. Knezevic was not aware of I Truck's source of funds and did not direct Nikolic to PNC and was unaware of his financial position. (EXHIBIT 2, para. 27).

39. The checks issued by I Truck Logistics to Knezevic and his entities pre-date the date of the loan made by PNC. (EXHIBIT 1, para 94, 102).

40. Knezevic knows an individual by the name of Daniel Giljen, whom he met in the Serbian Community. (Plaintiff EXHIBIT 1, Volume 1, pgs. 35, 36).

41. Knezevic performed rehabilitation work for Giljen for a property owned by Gilgen at 7152 South Aberdeen, Chicago. (Plaintiff EXHIBIT 1, Vol. 1, pg. 35).

42. Knezevic remodeled Giljen's entire building and charged Giljen $70,000.00 for the job. (Plaintiff EXHIBIT 1, Vol 1, pg. 37).

43. Knezevic had no further contact with Giljen since 2017 because Giljen owed Knezevic $12,000.00 from the project that remains unpaid. (Plaintiff EXHIBIT 1, Vol. 1, pg 37).

44. Knezevic tried to lien Giljen's property, but Giljen had taken money out of the property and stopped answering phone calls from Knezevic. (Plaintiff EXHIBIT 1, Vol. 1, pg. 37).

45. Knezevic did not enter into any agreement with the borrowing entities to make or induce them to apply for loans with PNC. Knezevic had no contact with PNC, and was unaware that the borrowing entities had loan obligations to PNC or any knowledge of their finances. (Plaintiff EXHIBIT 2, PARA 11-13).

46. Secretary of State Incorporation records of borrowing entities. (EXHIBIT 6).

/s/ Phillip J. Bartolementi
Phillip J. Bartolementi, LTD.
Attorneys for Defendants Knezevic, RPM Real Estate Investment Inc., North Sawyer Holdings LTD., and P & T Real Estate Investment Group
53 West Jackson Blvd.
Suite 1401
Chicago, IL. 60604
(312) 360-9999
A.R.D.C. No. 06187230
pjblegal@hotmail.com

7.